## UNITED STATES v. ONE FORD AUTOMOBILE et al.

(District Court, E. D. Louisiana, New Orleans Division. June 2, 1926.)

No. 17500.

Intoxicating liquors ⊂⇒251—Liability on bond releasing automobile in forfeiture proceedings is only value of car at time of its destruction by fire.

Where failure to produce automobile in government's libel for forfeiture was due to no fault of accused, but because of fact that machine was destroyed by fire, principal and surety will not be held liable for full amount of bond under which car was released, but only for value of car at time of its destruction.

At Law. Proceeding of forfeiture by the United States against one Ford automobile, Adrienne Acosta, and others. Decree for plaintiff.

Edwin H. Grace, of New Orleans, La., for the United States.

Dufour & St. Paul, of New Orleans, La., for defendants.

DAWKINS, District Judge. This is a proceeding for the forfeiting of an automobile used for the illegal transportation of intoxicating liquors. When the car was seized, it was appraised at $300, and the defendants had it released to them upon execution of a forthcoming bond in the sum of $600, as permitted under the statute. After conviction the government filed its libel for forfeiture, and upon failure to produce the car for sale there was judgment against the principals and surety for the face of the bond, to wit, $600.

Defendants moved for, and were granted, a new trial upon the allegation that the car had been, prior to judgment, destroyed by fire without fault on the part of defendant. The destruction of the car, as alleged, was shown upon the new trial; but counsel for the government contends that, the obligation of the bond being to produce the car for sale under the forfeiture proceedings, the principals and surety are liable for the full amount thereof, regardless of the reason for its nonproduction.

I do not believe that the law warrants any such harsh result as that claimed by the government. If the failure to produce were attributable to any fault of the accused, a different case would be presented; but there is no denial of the proof made that the machine was destroyed by fire while stored in a public garage. The evidence shows the value of the car at the time of its destruction to have been about $100. The government should therefore have judgment against the principals and surety upon the bond for the sum of $100, interest, and costs.

A decree may be presented accordingly.